UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERENIA PIERSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 07-0530 (RMU) |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN | : | |
| AREA TRANSIT AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

This matter comes before the court on the *pro se* plaintiff's motion to appoint counsel. The court has the discretion under Local Civil Rule 83.11(b)(3) to appoint counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532 (D.C. Cir. 2001). In doing so, it must consider: (i) the nature and complexity of the action; (ii) the potential merit of the *pro se* party's claims; (iii) the demonstrated ability of the *pro se* party to retain counsel by other means; and (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. LCvR 83.11(b)(3). Appointment of counsel calls for exceptional circumstances and "is wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits." *Nichols v. Mosbacher*, 959 F.2d 1101, 1101 (D.C. Cir. 1992) (citing D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

The Rule 83.11(b)(3) factors weigh against this plaintiff. To begin, the plaintiff has not demonstrated that her claims for employment discrimination and retaliation are complex issues for which she needs representation. Compl. at 1; *see McEachin v. McGuinnis*, 357 F.3d 197, 205

(2d Cir. 2004) (finding that contradictory decisions interpreting a statute might present complex legal issues); *cf. Kidd v. Howard Univ. Sch. of Law*, 2007 WL 1821159, at *3 (D.D.C. Jun. 25, 2007) (finding that claims for defamation, fraud and the unauthorized use of plaintiff's name were not complex issues).  Furthermore, the plaintiff has neither provided any evidence supporting her claims to demonstrate likelihood of success on the merits, nor has she cited the existence of any exceptional circumstances that would make appointment of counsel appropriate.  *See generally* Pl.'s Mot. for Appointment of Counsel.  Although the plaintiff states that she is unable to retain the services of an attorney because she lacks the necessary financial resources, the "inability to pay for counsel alone is insufficient to warrant court appointment of counsel." *Kidd*, 2007 WL 1821159, at *3 (citation omitted).  And the plaintiff has failed to demonstrate that she has tried to obtain counsel through other means.  *See Gaviria v. Reynolds,* 476 F.3d 940, 943 (D.C. Cir. 2007) (holding that, in determining whether to appoint counsel, the court should consider "the demonstrated inability of the pro se party to retain counsel by other means").  Additionally, it is not apparent to the court that the interests of justice will be better served by appointing the plaintiff an attorney.  Therefore, the court denies the plaintiff's motion for the appointment of counsel.

 Wherefore, it is this 6th day of November 2007,

 **ORDERED** that the plaintiff's motion to appoint counsel is **DENIED**; it is

 **SO ORDERED**.

RICARDO M. URBINA<br>United States District Judge